UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE B,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 2:21-CV-462-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income (SSI). The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; and Local Magistrate Judge Rule MJR 13.

BACKGROUND

Plaintiff filed her claim for benefits in January 2018, alleging she became disabled August 1, 2017. Administrative Record (AR) 223. Plaintiff's claim was denied initially (AR 14) and upon reconsideration (AR 130). A hearing was held before an Administrative Law Judge

(ALJ) in March 2020 (AR 43-73) and on March 25, 2020 the ALJ denied Plaintiff's claim (AR 37). The Appeals Council denied Plaintiff's request for review on February 2, 2021, making the ALJ's decision final. AR 93; 20 C.F.R. §§ 404.981, 416.1481.

On appeal to this Court, Plaintiff maintains the ALJ erred by erroneously discrediting some of Plaintiff's subjective symptom allegations and improperly rejecting some medical evidence. Dkt. 13 at 1. In addition, Plaintiff argues that her administrative proceedings were "tainted" by the unconstitutional appointment of the then-Commissioner of Social Security. *Id*. at 14.

## THE ALJ's FINDINGS

The ALJ found Plaintiff had the severe impairments of depressive disorder, anxiety disorder, attention deficit hyperactivity disorder, fibromyalgia, and obesity. AR 20. Although the record contained evidence that Plaintiff worked since her alleged onset date of disability, the ALJ determined this work did not constitute substantial gainful activity. *Id*. The ALJ also determined that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b), limited by no climbing of ladders, ropes, or scaffolds; no crawling; only occasional balancing, stooping, kneeling, or crouching; no concentrated exposure to excessive vibration, pulmonary irritants, or hazards; and only simple, routine tasks with no more than superficial interaction with co-workers, no activities requiring teamwork, and no contact with the general public. AR 22. A vocational expert testified that a person with this RFC, age, education, and work experience would be capable of performing work as a small products assembler, agricultural produce sorter, and marker—all jobs existing in substantial numbers in the national economy. AR 36. Consequently, the ALJ determined that Plaintiff was not disabled during the period under review. AR 37.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error. 42 U.S.C. § 405(g); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009). The U.S. Supreme Court describes it as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotations omitted).

## DISCUSSION

Plaintiff claims the ALJ improperly discredited the opinions of Anselm Parlatore, M.D., and Jenna Yun, Ph.D., (Dkt. 13 at 12), as well as Nurse Practitioner Patricia Leckenby (*Id*. at 13). This Court concurs.

I.  Standard

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017, such as this one. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). In the new regulations, the Commissioner rescinded Social Security Regulation (SSR) 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants.

*See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c); 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2); 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1); 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).

The Ninth Circuit has not yet had the opportunity to address the impact of the new regulations on the requirement that the ALJ provide "clear and convincing" reasons for rejecting an uncontradicted physician's opinion and "specific and legitimate reasons" for rejecting a contracted physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). However, Chief Judge Ricardo S. Martinez has opined that he believes the Ninth Circuit will not likely

alter the "clear and convincing" standard because it is "based on evidentiary principles in administrative law, and not on a hierarchy of opinions." *Kathleen G. v. Comm. Soc. Sec.*, No. 2:20-cv-461-RSM (W.D. Wash. Nov. 10, 2020) (citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) and *White Glove Building Maintenance, Inc. v. Brennan*, 518 F.2d 1271 (9th Cir. 1975)).

Thus, while the new regulations ask the ALJ to explain, at a minimum, how the ALJ considered the supportability and consistency factors of a medical opinion, if the medical opinion is uncontradicted the ALJ must still cite "clear and convincing" reasons for rejecting it, and if it is contradicted, the ALJ must still give "specific and legitimate" reasons for rejecting it.

II.   Analysis

The ALJ discussed the findings of Anselm Parlatore, M.D. and Jenna Yun, Ph.D. in tandem, so the Court will do the same.

In October 2018, Anselm Parlatore, M.D. (Parlatore), conducted a psychiatric functional evaluation of Plaintiff and reviewed unspecified nursing records. AR 33-34; AR 611-615. He opined that Plaintiff's "social interaction and adaptation" were markedly impaired and that her "interpersonal interactions are markedly affected by her emotional symptoms [and that she] would have moderate to severe difficulty dealing with the usual stress encountered in a work environment." AR 614.

Just over a year later, in November 2019, Jenna Yun, Ph.D. (Yun) conducted another psychiatric evaluation of Plaintiff, and opined that she had markedly severe impairments in the ability to: adapt to changes in a routine work setting; make simple work-related decisions; communicate and perform effectively in a work setting; maintain appropriate behavior in a work

setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 1037-1050.

The ALJ found Parlatore and Yun's opinions to be "persuasive" but determined "the [above described] portion of their opinions regarding the marked extent of the claimant's social and adaptive functioning [was] not supported by their own examination of the claimant [or] consistent with the claimant's longitudinal medical record ...". AR 34. The ALJ further found Parlatore's diagnosis of panic attacks, "which appears to have informed his extreme limitations," was belied by Plaintiff's frequent *denial* of experiencing panic attack symptoms. AR 35. Further, the ALJ interpreted Yun's findings to be unsupported by her own examination, and noted that Yun did not review any other medical records. *Id*. Ultimately, the ALJ concluded that Parlatore and Yun based their findings on Plaintiff's self-reporting about her symptoms and functional limitations, which was "consistently out of proportion with her presentation during medical appointments." *Id*.

This Court finds the ALJ's reasons for rejecting Parlatore and Yun's opinions to be conclusory and unsupported by substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988) ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *see also*, *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Among the errors the ALJ committed was engaging in evidentiary "cherry-picking," wherein he honed-in on portions of the record unrelated to one of the above assessed "marked"

limitations, and overlooked evidence directly supporting these limitations. *See e.g.,* AR 551 (Plaintiff was anxious and fidgety); AR 552 (Plaintiff continues to present anxious); AR 556 (Plaintiff had trouble focusing; anxious); AR 565 (Plaintiff highly anxious; overwhelmed with hard time staying on track); AR 568 (Plaintiff triggered by things people say); AR 569 (Plaintiff needed additional help to complete homework); AR 578 (Plaintiff had a hard time following instructions). Such "cherry-picking" of the evidence is highly disfavored in this circuit. *See Reddick v. Chater*, 157 F.3d 715 at 722-23 (9th Cir. 1998) (an ALJ must not "cherry-pick" certain observations without considering their context); *see also Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm … 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion'").

Another of the ALJ's flaws was his tendency to "play doctor" by supplanting Parlatore and Yuns' interpretation of their own mental status exams (MSEs) [1] with his own interpretation. *See Hanford v. Colvin*, 2:16-cv-921-JRC, 2016 WL 7404449, at *5 (W.D. Wash. 2016)(*citing Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead;

---

[1] The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation[:] The Mental Status Examination allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the Mental Status Examination is termed the objective portion of the patient evaluation." *Id*. at 4 (emphasis in original).

lay intuitions about medical phenomena are often wrong") (internal citations omitted)); *see also McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Both Parlatore and Yun are experienced clinicians who performed MSEs on Plaintiff, and were the most qualified people to interpret their own findings and render an opinion about Plaintiff's functional capacity. Yet, the ALJ speculated that Parlatore's diagnosis of panic attacks was the predominate basis for his "marked" findings, and that Yun's statements regarding Plaintiff's social functioning were inconsistent with her examination and must have been based upon Plaintiff's self-reporting. The ALJ did not explain the rationale for these conclusions, which were speculative at best, and insufficient to supplant the medical opinions of trained clinicians. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("Psychiatric evaluations may appear subjective, especially compared to evaluations in other medical fields. Diagnoses will always depend in part on the patient's self-report as well as on the clinician's observations of the patient. But such is the nature of psychiatry.").

In addition to erroneously evaluating Parlatore and Yun's opinions, the Court concurs with Plaintiff that the ALJ's reasons for rejecting the opinion of Patricia Leckenby, ARNP (Leckenby), was not based upon substantial record evidence. Dkt. 13 at 12-13.

In February 2018, Leckenby co-authored (together with a mental health counselor), a "mental residual functional capacity assessment, opining that Plaintiff's "major depressive disorder, posttraumatic stress disorder, and attention deficit hyperactivity disorder generally caused between a marked limitation (defined as a limitation that seriously limited the ability to function) and extreme limitation (defined as an inability to function) across all mental

functioning domains and that she would be off-task 20% of a normal workday and be absent 25% to 50% of a normal workday or workweek." AR 35; AR 345-348. The ALJ found these assessments unpersuasive, concluding that they were inconsistent with Plaintiff's longitudinal medical record and Leckenby's own treatment notes. *Id*.

Leckenby treated Plaintiff 26 times between May 2017 and February 2018, during which period Plaintiff was actively engaged in counseling and prescription medication trials. *See* AR 351. The "longitudinal record" from this period reflects periods of improvement (AR 371) and periods of decline (AR 370). Here again, the ALJ's myopic focus on treatment notes arguably inconsistent with Leckenby's assessment amounts to disfavored evidentiary "cherry-picking" *(Reddick,* 157 F.3d at 722-23), and the ALJ's substitution of his own "medical" judgment in place of the treating source's opinion of her own findings is manifestly erroneous *(Hanford*, 2016 WL 7404449, at *5).

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 *(quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Here, the "marked" limitations improperly rejected by the ALJ were not included in Plaintiff's RFC. If these limitations should have been included, their omission resulted in error

that cannot be considered harmless. Consequently, this matter must be reversed and remanded for reevaluation of the above medical evidence.

Plaintiff also maintains that the ALJ erred by erroneously discrediting some of her subjective symptom allegations. Since this Court concludes that the ALJ committed harmful error in his assessment of the medical opinion evidence, and the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective symptom testimony, the ALJ must reconsider this evidence on remand.

Finally, Plaintiff asserts that her administrative proceedings were "tainted" by the unconstitutional appointment of the then-Commissioner of Social Security. This District has found this claim to be meritless. *See Tyler B. v. Commissioner of Social Security*, Case No. 2:20-CV-1572-DWC (W.D. Wash. Oct. 8, 2021); *Lisa Y. v. Commissioner of Social Security*, -- F.Supp.3d --, 2021 WL 5177363, at *5-8 (W.D. Wash. Nov. 8, 2021). In light of previous Court decisions and the remand in this case, the Court declines to further consider this claim.

CONCLUSION

For the foregoing reasons, the Court hereby finds the ALJ improperly concluded that Plaintiff was not disabled. Accordingly, this matter be REVERSED and REMANDED to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this order.

Dated this 7th day of January, 2022.

David W. Christel
United States Magistrate Judge